LINDA ODEN, Plaintiff-Appellant, v. WILLIAM E. CAHILL, Indiv. and as President of the Chicago Civil Service Commission, et al., Defendants-Appellees.

First District (3rd Division)   No. 78-2059

Opinion filed December 26, 1979.

Judge, Drew, Cipolla & Kurnik, Ltd., of Park Ridge (Byron D. Knight, of counsel), for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert Retke and Maureen J. Kelly, Assistant Corporation Counsel, of counsel), for appellees.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

When an individual is arrested for the first time in life and no criminal conviction results, the fact of arrest nevertheless remains as a blot on the person's record. An Illinois statute provides a procedure by which arrestees may expunge the official records of their first brush with the law. (Ill. Rev. Stat. 1977, ch. 38, par. 206—5.) There is also a provision of the Illinois Constitution which forbids invasions of privacy by public officials. (Ill. Const. 1970, art. I, §6.) If public officials defy an expungement order and consider an arrest record in their deliberations, they violate the statute. Have they also violated the individual's right to privacy? This appeal raises that question.

The facts are not in dispute. Plaintiff Linda Oden was arrested by the Chicago police department on December 24, 1968, and January 29, 1969. Neither arrest resulted in conviction. In 1972, Oden took and passed the civil service examination for a position as policewoman. On January 11, 1974, she passed the physical examination required for that position. On January 22 and 24, 1974, she obtained circuit court orders directing the Chicago superintendent of police to expunge the records of her two arrests.

On January 25, 1974, the acting director of personnel for the Chicago police department transmitted to the Chicago Civil Service Commission the records of Oden's arrests which he knew had been ordered expunged. At a hearing on February 29, 1974, the commission considered Oden's application for the police force, but after reviewing her arrest records, it denied her certification and struck her name from the list of eligible candidates. At Oden's request, the commission later reconsidered her application, but with knowledge of the expungement order, and after again examining her arrest records, it stood by its earlier decision.

On October 3, 1974, Oden sought administrative review of the commission's decision in the circuit court. Eventually, the circuit court reversed the commission. Oden's name was placed back on the list of eligible applicants, and on May 12, 1976, she was appointed to the Chicago police department.

Seeking back pay, seniority and pension rights from the date she would first have been appointed had the commission never considered her arrest records, Oden filed this complaint against the city's officials on October 31, 1977. She alleged that the commission's use of the properly expunged arrest records violated her constitutional right of privacy granted by article I, section 6 of the Illinois Constitution of 1970. The defendants moved to dismiss the complaint for failure to state a cause of action, and the circuit court allowed that motion.

The scope of the constitutional right of privacy lies at the heart of this appeal. At the outset, we separate the State constitutional right of privacy from both the common law and the Federal constitutional rights of privacy, neither of which Oden relies upon in this case. Illinois' constitutional right of privacy is found in article I, section 6 of our 1970 Constitution. It provides:

"The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means."

The interpretation of section 6 has varied. In *Stein v. Howlett* (1972), 52 Ill. 2d 570, 574, 289 N.E.2d 409, 411, the court observed, "No limiting definition of the type of privacy is stated in the constitution." In *Illinois State Employees Association v. Walker* (1974), 57 Ill. 2d 512, 523, 315 N.E.2d 9, 15, however, the court noted that the constitutional right to privacy simply gave individuals protection from eavesdropping devices or other technological means of interception. In a dissent, Justices Ryan and Goldenhersh reviewed the path of section 6 through committee and concluded that it created a substantive right of privacy independent of the constitutional protection from searches, eavesdropping or the use of highly intrusive information-gathering devices. (57 Ill. 2d 512, 531-34, 315 N.E.2d 9, 19-21.) However, the holding in *Walker* did not dispose of the issue, since the court ruled that regardless of the scope of the constitutional right, it did not extend so far as to protect public officials from mandatory economic interest disclosures.

Finally, in *In re St. Louis* (1977), 67 Ill. 2d 43, 364 N.E.2d 61, the court affirmed a circuit court order expunging the police identification files of a juvenile without defining the scope of the right of privacy. The case arose because expungement under section 206—5 is not available to juveniles, since that provision only applies to arrests, and juveniles are not technically arrested. The appellate court had ruled that the order was a proper exercise of the circuit court's equitable powers necessary to protect the juvenile's right to privacy. (39 Ill. App. 3d 27, 32, 348 N.E.2d 289, 292.) The supreme court said that the circuit court's exercise of its equitable powers was proper, but did not rest its decision on the right to

privacy. Rather, it used an analysis similar to equal protection, saying that the circuit court could give the same relief to a juvenile as it could to an adult in the same situation.

In any event, it is unnecessary to define the exact scope of section 6 to dispose of this case. As in *Walker*, regardless of where the exact limits of the constitutional right of privacy are, Oden's complaint lies far outside their reach.

Oden's allegations, that public officials used public records which had been ordered expunged, resemble a common law complaint of invasion of privacy by the public disclosure of private facts. (Prosser, Torts §117, at 809 (4th ed. 1971).) Her theory is that if the commission had obeyed the expungement order when it first began to deal with her, information about her arrests would never have come to its attention, she would have been immediately hired as a policewoman, and she would not have lost her back pay, seniority or pension rights. She refers the court to the Constitutional Commentary to section 6 that quotes the Bill of Rights Committee which drafted the provision:

> " '* * * the Committee concluded that it was essential to the dignity and well being of the individual that every person be guaranteed a zone of privacy in which his thoughts and *highly personal behavior were not subject to disclosure or review*. The new provision creates a direct right to freedom from such invasions of privacy by government or public officials.' " (Emphasis added.) Ill. Ann. Stat., art. I, §6, Constitutional Commentary, at 317-18 (Smith-Hurd 1971).

Oden's theory is flawed, for these were not private facts. She does not dispute that the Civil Service Commission could, if it chose, attempt to locate the officers who arrested her and hear their version of those arrests. She does not dispute that the Civil Service Commission could, if it chose, accept those versions and go on to consider the circumstances of her arrests. Her objection is to the source and form of the information, not to its substance.

■ When viewed in this light, the case does not involve an invasion of privacy. The commission used no information about the plaintiff's "highly personal behavior" which was not subject to "disclosure or review." The story of her arrest was open and available to public officials in all ways but one. Their use of the forbidden source of information, the arrest records, violated the circuit court's order, but did not invade Oden's zone of privacy.

■ The exact outline of the protection in section 6 of the individual's right to privacy has not yet been drawn. Whatever it is, the right to privacy should not be distorted by invoking it to keep private that information which already is, or can be made, public. The common law

right to privacy gives no protection to matters which are within public knowledge. (*Cf. Leopold v. Levin* (1970), 45 Ill. 2d 434, 442, 259 N.E.2d 250.) However wide its scope, we are confident that the constitutional right of privacy likewise does not extend to matters of public knowledge.

We do not mean to make light of the commission's violation of the expungement order. Use of the arrest records was wholly improper, as the circuit court recognized in ordering Oden back on the list of eligible applicants. However, we find Linda Oden complaining in this case of form rather than substance. Although the commission may not have given proper effect to the expungement statute, her privacy was not invaded by referring to her experiences already within the realm of public knowledge. The complaint failed to state a cause of action, and the circuit court correctly dismissed it.

Judgment affirmed.

McNAMARA and RIZZI, JJ., concur.