*In re* APPLICATION OF MULTIMEDIA KSDK, INC., Petitioner-Appellant.

Fifth District   No. 5—91—0369

Opinion filed November 13, 1991.

Gerald R. Orbals, *pro hac vice*, and Donald P. Wray, Jr., both of Greensfelder, Hemker & Gale, P.C., of St. Louis, Missouri, for appellant.

John J. Rekowski, Public Defender, of Edwardsville, for appellee.

Robert B. Hoemeke, John M. Hessel, and Joseph E. Martineau, all of Lewis, Rice & Fingersh, of St. Louis, Missouri, and Seyfarth, Shaw, Fairweather & Geraldson, of New York, New York (David Ross, of counsel), for *amicus curiae* Sunrise Industries, Inc., d/b/a Alton Telegraph.

Lori Harris, of New York, New York, for *amicus curiae* Capital Cities Media d/b/a Belleville News-Democrat.

Jeffrey Smith, of Baltimore, Maryland, for *amicus curiae* KTVI, Inc.

Joseph P. Thornton, of Chicago, for *amicus curiae* Chicago Tribune Company.

JUSTICE WELCH delivered the opinion of the court:

In this consolidated appeal, Multimedia KSDK, Inc., appeals from the denial of its petitions, which were made pursuant to section 9 of the AIDS Confidentiality Act (Ill. Rev. Stat. 1989, ch. 111½, par. 7309), for authority to disclose the identity of one "Jane Doe," an alleged prostitute charged with the offense of criminal transmission of Human Immunodeficiency Virus (HIV). Also participating in this appeal are Jane Doe as appellee and, as *amici curiae*, Alton Telegraph, Belleville News-Democrat, St. Louis Post-Dispatch, KTVI-TV and Chicago Tribune.

Multimedia KSDK, Inc. (hereinafter KSDK), filed in the circuit court of Madison County on April 25, 1991, its initial application for order authorizing disclosure of HIV test results. The petition alleges that KSDK owns and operates a television station; that Jane Doe, an alleged prostitute, had been charged with criminal transmission of

HIV; that Jane Doe's identity and HIV status had been released to the general public by various law enforcement agencies, including the State's Attorney, and was therefore known to KSDK; and that the AIDS Confidentiality Act (Act) (Ill. Rev. Stat. 1989, ch. 111½, par. 7301 *et seq.*) prohibits the disclosure by any person, including a corporation, of the results of an HIV test of another unless authorized by a court order based upon a compelling need for such disclosure. The petition further alleges that, based upon Jane Doe's occupation as a prostitute, a compelling need exists to release her name to the general public in the interest of public health and welfare, so that those persons who had engaged in high-risk activity with Jane Doe would know of their exposure. The petition prays for an order authorizing KSDK to disclose the identity and HIV status of Jane Doe in its news reports.

Hearing was held on the petition on April 29, 1991, and a written order denying the petition was filed that date. In its order, the court found that the prior improper disclosure of the identity of Jane Doe by other media and individuals did not provide a basis under the Act for further disclosure and that the Act is intended to protect the privacy of those individuals who are tested for HIV and to encourage others to undergo such testing. KSDK filed a notice of appeal from this order.

On May 24, 1991, KSDK filed a second application for order authorizing disclosure of HIV test results. This petition repeated the allegations of the first petition, but also alleged that Jane Doe had left the medical-treatment facility where she had been confined, that her whereabouts were unknown, but that she was reportedly planning to return to her occupation as a prostitute, underscoring the compelling need for disclosure.

The petition came on for hearing on June 12, 1991. The court denied the petition. KSDK filed a notice of appeal from this order as well. The two causes were consolidated by this court for purposes of appeal.

KSDK's argument on appeal is essentially that the trial court erred in denying its petition because the interests of public health and welfare, which will be furthered by disclosure because those individuals who had engaged in high-risk activity with Jane Doe could seek testing and treatment, outweigh the privacy interests of Jane Doe. KSDK also argues that disclosure of Jane Doe's identity is consistent with the purpose and provisions of the AIDS Confidentiality Act in that disclosure would notify those who had engaged in high-risk activity with Jane Doe that testing was necessary.

Appellee argues that the purpose of the AIDS Confidentiality Act is to encourage testing for the HIV virus by ensuring that the results of such tests shall remain confidential, thus implementing a scheme to help combat the spread of the virus. Disclosure is only permitted upon a showing of "compelling need," which appellant here has failed to show.

*Amici* argue that the AIDS Confidentiality Act does not apply to prohibit disclosure of the identity of an individual who has been charged with the criminal offense of criminal transmission of the HIV virus where that charge is a matter of public record. *Amici* also argue that, to the extent the AIDS Confidentiality Act applies to bar the publication of information otherwise a matter of public record, it is unconstitutional.

We agree that the AIDS Confidentiality Act does not apply to the instant case, where KSDK sought only to disclose the identity of an individual who had been charged with a criminal offense and that identity was already a matter of public record by reason of the public charge. We therefore vacate the judgment of the circuit court of Madison County which denied the petition of KSDK. We find that the petition properly should have been dismissed.

■ The AIDS Confidentiality Act was enacted in 1987. Section 2 of that Act explains the reason for its enactment as follows:

"The General Assembly finds that:

(1) The use of tests designed to reveal a condition indicative of Human Immunodeficiency Virus (HIV) infection can be a valuable tool in protecting the public health.

(2) Despite existing laws, regulations and professional standards which require or promote the informed, voluntary and confidential use of tests designed to reveal HIV infection, many members of the public are deterred from seeking such testing because they misunderstand the nature of the test or fear that test results will be disclosed without their consent.

(3) The public health will be served by facilitating informed, voluntary and confidential use of tests designed to reveal HIV infection." (Ill. Rev. Stat. 1989, ch. 111½, par. 7302.)

Thus, the purpose of the Act is to control the spread of the HIV virus by encouraging the public to submit to voluntary testing through an assurance of confidentiality.

Section 9 of the Act provides that "[n]o person may disclose or be compelled to disclose the identity of any person upon whom a test is performed, or the results of such a test in a manner which permits identification of the subject of the test," except to certain specified

persons. One of the specified persons to whom disclosure may be made is:

"(g) A person allowed access to said record by a court order which is issued in compliance with the following provisions:

(i) No court of this State shall issue such order unless the court finds that the person seeking the test results has demonstrated a compelling need for the test results which cannot be accommodated by other means. In assessing compelling need, the court shall weigh the need for disclosure against the privacy interest of the test subject and the public interest which may be disserved by disclosure which deters blood, organ and semen donation and future HIV related testing.

\* \* \*

(v) Upon the issuance of an order to disclose test results, the court shall impose appropriate safeguards against unauthorized disclosure, which shall specify the persons who may have access to the information, the purposes for which the information shall be used, and appropriate prohibitions on future disclosure." (Ill. Rev. Stat. 1989, ch. 111½, par. 7309.)

Section 10 further protects confidentiality by providing that "[n]o person to whom the results of a test have been disclosed may disclose the test results to another person except as authorized by Section 9." (Ill. Rev. Stat. 1989, ch. 111½, par. 7310.) Any intentional or reckless violation of the Act constitutes a Class B misdemeanor (Ill. Rev. Stat. 1989, ch. 111½, par. 7312), and any person aggrieved by a violation of the Act is provided with a statutory right of action for damages in addition to any common law remedies (Ill. Rev. Stat. 1989, ch. 111½, pars. 7313, 7314).

The petitions filed by KSDK allege that Jane Doe's identity and HIV status had been disclosed to the general public, including KSDK, by the State's Attorney and various law enforcement agencies. KSDK took the position that, pursuant to section 10 of the Act, it could only further disclose that information in accordance with section 9 of the Act. Although we, like the trial court, commend KSDK for its responsible and good-faith attempt to abide by the law, we think KSDK's position is wrong.

■ According to the petitions filed by KSDK, Jane Doe was charged with the offense of criminal transmission of HIV. That offense constitutes a Class 2 felony. (Ill. Rev. Stat. 1989, ch. 38, par. 12–16.2.) All felonies are to be charged by information or indictment filed in open court and containing the name of the accused. (Ill. Rev. Stat. 1989, ch. 38, pars. 111–2, 111–3.) Although the record of the

criminal proceeding involved in this case is not contained in the record on appeal, we must assume that that proceeding was conducted according to law. Therefore, we must assume that the information or indictment with which Jane Doe was charged with criminal transmission of HIV contained her true name and was filed in open court. It was, therefore, a matter of public record.

Furthermore, both parties to this appeal admit and agree that the instrument with which Jane Doe was charged did not contain a pseudonym and that the State's Attorney revealed the name of the accused. Thus, again, Jane Doe's true identity is a matter of public record.

The AIDS Confidentiality Act does not prohibit the disclosure of the identity of an individual who has been charged with a felony offense in open court, a matter clearly of public record. We think the disclosure of the public allegation of criminal activity is quite different from the disclosure of the identity of a person upon whom an HIV test has been performed or the results of such a test. Indeed, in the instant case, KSDK admits that it has no personal knowledge that Jane Doe ever submitted to an HIV test, or the results of such a test, but relies only on the allegations of the Madison County State's Attorney. KSDK seeks to disclose only that the State's Attorney of Madison County has alleged that Jane Doe committed the offense of criminal transmission of HIV. The AIDS Confidentiality Act does not apply to prohibit such a disclosure, and the trial court should have dismissed the petitions of KSDK.

Finally, because we find that the AIDS Confidentiality Act does not apply in the case at bar, we need not address the question of its constitutionality.

For the foregoing reasons the judgment of the circuit court of Madison County is vacated and, pursuant to power granted to us by Supreme Court Rule 366(a) (134 Ill. 2d R. 366(a)), the petition of KSDK is hereby dismissed.

Vacated; petition dismissed.

HARRISON and HOWERTON, JJ., concur.