**"Jane DOE", Plaintiff,**

v.

**ALTON TELEGRAPH and Bellview News Democrat, Defendants.**

No. 92–1268.

United States District Court, C.D. Illinois, Peoria Division.

Sept. 30, 1992.

Gary E. Peel, Peel, Walters & Roosevelt, Edwardsville, Ill., for plaintiff.

Joseph E. Martineau, Eric D. Paulsrud, and Robert Hoemeke, Lewis, Rice & Fingersh, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

MIHM, Chief Judge.

This matter is before the court on the Defendants' Motion for Summary Judgment (# 27) and Defendants' Motion to Rescind Protective Order (# 29) previously entered.

For the reasons stated below the Defendants' Motion for Summary Judgment is granted and the Motion to Rescind Protective Order is granted.

## JURISDICTION

This action was removed from the Circuit Court for the Third Judicial Circuit, Madison County, to Federal District Court under 28 U.S.C. § 14.1 and § 1332 in that it involves an action between parties of diverse citizenship and the amount in controversy exceeds Fifty Thousand ($50,000.00) Dollars.

## FINDINGS OF FACT

The facts of this case are really not in dispute. The Plaintiff was convicted of prostitution in July of 1990 in Madison County, Illinois. Pursuant to the Illinois AIDS Confidentiality Act (Ill.Rev.Stat.1989 ch. 111½, ¶ 7309), Plaintiff was ordered to undergo medical testing to determine whether she was infected with AIDS or HIV. The Illinois Unified Code of Corrections mandates such a test for persons convicted of sexual offenses. Plaintiff failed to comply with this order and as a result, on April 23, 1991, the trial court ordered her incarcerated until such time as such tests were completed.

Plaintiff's conviction and the requirement that she undergo AIDS testing were included within court files which were and remain open and available to the public.

Defendants Alton Telegraph and Bellview News Democrat are newspapers of daily circulation, in and around southern Illinois. Defendants learned of Plaintiff's conviction and the order requiring her to submit to an AIDS test, and reported this in their newspapers.

Plaintiff complains that Defendants disclosed her as "a person about to undergo an AIDS test" in violation of the Illinois AIDS Confidentiality Act. The district court for the Southern District of Illinois issued a protective order permitting Plaintiff to prosecute her claim anonymously under the pseudonym Jane Doe.

## ISSUES PRESENTED

1) Does the Illinois AIDS Confidentiality Act ("The Act") prohibit the publication of information contained in a court order compelling a convicted prostitute to undergo AIDS testing when that court order is contained in judicial records available to the public?

2) Does the First Amendment permit a state to penalize the publication of a court order compelling a convicted prostitute to undergo AIDS testing when that court order is a matter of public record?

Defendants assert that they are entitled to summary judgment as a matter of law for two reasons. First, that the AIDS Confidentiality Act is not applicable to the publication of information contained in open and public court files. Second, even if the AIDS Confidentiality Act was to be deemed applicable, such application would be unconstitutional under the First Amendment of the United States Constitution and Article I, § 12 of the Illinois Constitution.

The Plaintiff responds that the AIDS Confidentiality Act prohibits any person from disclosing the identity of any person upon whom a test is to be performed with only certain exceptions, and no exception is made for the release of such information which is contained in a court record.

## CONCLUSIONS OF LAW

Based on the above findings of undisputed fact the court does hereby enter its conclusions of law as follows:

There exists no genuine issue of material fact and under Rule 56 of the Fed.R.Civ.P. Defendants are entitled to judgment in their favor as a matter of law.

Plaintiff complains that Defendants' newspaper disclosed her as "a person about to undergo an AIDS test" in violation of the Illinois AIDS Confidentiality Act, Ill. Rev.Stat., ch. 111½, ¶ 7309. However, under the undisputed facts as set forth above, Defendants did not violate the AIDS Confidentiality Act. The Act is not applicable to the publication of information already contained in open and public court files and does not prevent the publication or dissemi-

nation of information available in open and public court files. *See In re Application of MultiMedia KSDK, Inc.,* 221 Ill.App.3d 199, 163 Ill.Dec. 757, 760, 581 N.E.2d 911, 914 (5th Dist.1991). When information about a person's HIV status is already known and publicly available it is not capable of being "disclosed" in the literal sense of the word. One cannot disclose what has already been made public. *Oden v. Cahill,* 79 Ill.App.3d 768, 35 Ill.Dec. 111, 398 N.E.2d 1061 (1st Dist.1979).

In *In re Application of MultiMedia,* a television news station, fearing liability under the Act, sought court permission to disclose the identity of a prostitute who had been charged with the offense of criminal transmission of HIV. *MultiMedia,* 221 Ill.App.3d at 200, 163 Ill.Dec. at 757, 581 N.E.2d at 911. After losing at the trial court the television station appealed, arguing that various exceptions under the Act permitted disclosure.

On appeal, the Illinois Appellate Court refused to apply the nondisclosure provisions of the AIDS Confidentiality Act. *Id.* at 203, 913, 163 Ill.Dec. 757, 581 N.E.2d 911. Because the prostitute's HIV status was contained in open court files, the court ruled that the prostitute's HIV status was "a matter of public record", and it held that the Act could not be applicable under such circumstances.

> The AIDS Confidentiality Act does not prohibit the disclosure of the identity of an individual who has been charged with a felony offense in open court, a matter clearly of public record. *Id.*

Similarly, in *People v. Johnson,* an Illinois trial court stated, "[n]othing in the Aids Confidentiality Act constitutes a bar to publication by [the media] of HIV test results ... when such results become matters of public record". 89–CS–6327, 90–CN–95 (Kane County, Illinois), slip opinion at page 7.

Accordingly, as a matter of law, Defendants' publications in this case are not actionable under the Illinois AIDS Confidentiality Act.

Given this court's ruling on the inapplicability of the AIDS Confidentiality Act, this court does not reach the issue regarding the constitutionality of the Act.

### CONCLUSIONS

For all of the reasons set forth above, it is hereby ORDERED, ADJUDGED, and DECREED that Summary Judgment be entered in favor of Defendants and against Plaintiff herein, at Plaintiff's cost and expense.

It is further ordered that the Protective Order entered on February 27, 1992, prohibiting Defendants from disclosing information about Plaintiff's identity derived as part of and during the course of this litigation, is hereby rescinded and held for naught.