JERALD L. RAGAN, Appellee, v. COLUMBIA MU-
TUAL INSURANCE COMPANY *et al.* (Columbia
Mutual Insurance Company, Appellant).

*Opinion filed September 24, 1998.*

Michael Reda and John W. Hoffman, of Edwardsville, for appellant.

Rex Carr and Michael B. Marker, of Carr, Korein, Tillery, Kunin, Montroy, Cates & Glass, of East St. Louis, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

The issue presented here is whether an insurance company's failure to produce the proof of mailing on a form as required by the cancellation provisions of the Illinois Insurance Code (215 ILCS 5/143.14(a) (West 1994)) invalidates the cancellation. The circuit court of Madison

County found that cancellation is ineffective unless the insurance company produces the properly completed form. The appellate court affirmed in part and reversed in part. 291 Ill. App. 3d 1088. We allowed the petition for leave to appeal under Rule 315 (166 Ill. 2d R. 315). We affirm the appellate court.

## BACKGROUND

Plaintiff, Jerald Ragan, purchased a seven-unit apartment building in Granite City, Illinois, in 1988 or 1989. In 1992, Ragan contacted defendant Looking Glass Mutual Insurance Company through its agent Orville Bierbaum to gather information on changing the carrier of the liability and property insurance on his apartment building.

Bierbaum submitted an application for Ragan's liability and property insurance to Columbia Mutual Insurance Company. Ragan told Bierbaum that he was remodeling one of the units for himself but he had not moved into the building. Ragan asked that any notices under the policy be sent to his post office box. In the "Applicant Information" section of the application form, Bierbaum listed the address of the insured property as Ragan's mailing address along with a note to the side that said "Send P.O. Box 8091."

Ragan was quoted an annual premium of $529 and made the first payment of $132.50 along with his application in order to bind coverage from the date of the application. Under the policy's payment plan, in addition to Ragan's initial payment, Ragan would have an installment of $82.10 due on December 7, 1992, and four more installments of $82.35 due throughout the year. Ragan asserts that he advised Bierbaum that he intended to have his mortgage company make the payments due under the policy. The application was later approved and Bierbaum sent a copy of the approved policy and declaration sheet to Ragan's post office box. After he received

the policy and declaration sheet from Bierbaum, Ragan claims, he contacted his mortgage company, Roosevelt Bank, and requested that the bank make any further premium payments. No additional payment was ever made to Columbia Mutual under the policy.

On December 11, 1992, Columbia Mutual allegedly sent notice of cancellation to Ragan at the apartment building address. Columbia Mutual admits that it did not send a copy to Ragan's post office box. The cancellation notice cites Ragan's failure to make the December 7, 1992, installment and it purports to cancel the policy effective December 26, 1992.

On January 4, 1993, Columbia Mutual sent a letter to Looking Glass stating that Ragan's policy had been cancelled and that a refund check for unearned premiums was "holding." It is unclear from the record how Ragan received the check, but Ragan endorsed and deposited the $8.50 refund check. On August 31, 1993, the apartment building was destroyed by fire and Ragan sought insurance benefits from Columbia Mutual through his agent Bierbaum. Bierbaum advised Ragan that Columbia Mutual had cancelled the policy effective December 26, 1992.

On December 15, 1993, Ragan filed a complaint in the circuit court against Columbia Mutual, Looking Glass, Bernice Pollmann, the owner of Looking Glass, Orville Bierbaum and Roosevelt Bank. Count I of the complaint alleges that Columbia Mutual's attempted cancellation of Ragan's insurance policy was ineffective and that under the policy Ragan was entitled to recover $94,500, his policy limits. Columbia Mutual denied all of the allegations in an answer filed March 8, 1994. Counts II and III allege wrongdoing by other defendants who are not participating in this appeal.

On June 12, 1995, Ragan filed an amendment to his complaint, set out as count IV, which adds claims of vexa-

tious and unreasonable delay and prayers for statutory penalties, attorney fees and costs. Count IV also adds a prayer for prejudgment interest. Ragan was never granted leave to file this amendment. Columbia Mutual denied all of the allegations in an answer filed October 11, 1995.

On August 14, 1995, Ragan, pursuant to discovery rules, sent Columbia Mutual a request to admit that Columbia Mutual did not maintain a proof of mailing the cancellation notice as required by the Insurance Code. 215 ILCS 5/143.14(a) (West 1994). Ragan also sent Columbia Mutual a notice to produce the proof of mailing form. Columbia Mutual replied to the request to admit on August 25, 1995, as follows: "Columbia Mutual Maintains the cancellation letter in its file and, therefore, denies the request to admit." Upon motion by Ragan, on January 12, 1996, Columbia Mutual's reply to the request to admit was stricken as nonresponsive and the circuit court granted Columbia Mutual additional time to respond. Columbia Mutual did not respond. Columbia Mutual also failed to produce the proof of mailing form requested in Ragan's notice to produce. During discovery, Columbia Mutual did produce what it alleges to be the original envelope, containing a cancellation notice. The envelope was metered and imprinted with the date December 11, 1992, addressed to the apartment building address, and returned as undeliverable.

On February 6, 1996, Ragan filed a motion for summary judgment. The trial court granted Ragan's motion for summary judgment on counts I and IV on March 29, 1996. On May 30, 1996, Columbia Mutual filed a motion to reconsider the order granting Ragan's motion for summary judgment. At the same time Columbia Mutual produced a copy of its unsigned form entitled "Certificate of Mailing" which listed the December 11, 1992, cancellation letter to Ragan. Columbia Mutual argued

that this form satisfies the proof of mailing requirements of the Insurance Code.

On June 24, 1996, the circuit court denied Columbia Mutual's motion to reconsider, and ordered Columbia Mutual to pay Ragan a total of $182,300.54. Ragan was granted $94,500 under count I, which includes the fire insurance claim. Count IV, as set forth in Ragan's amendment to his original complaint, alleges vexatious and unreasonable conduct by Columbia Mutual in not paying the amount of the loss under the insurance policy and contains a prayer for prejudgment interest. Ragan was granted the following under count IV: $38,823.75 (attorney fees); $25,000 (statutory maximum for vexatious and unreasonable delay); $352 (filing fee); $236.04 (service of summons); and $23,388.75 (prejudgment interest).

On July 19, 1996, Columbia Mutual moved to vacate and set aside the summary judgment and award of damages. Columbia Mutual alleged that there remained genuine issues of material fact. The motion also contained a request for leave to amend Columbia Mutual's prior response to the request to admit. The amended response denied the allegation that Columbia Mutual did not maintain the form and contained a copy of the "Certificate of Mailing." The circuit court denied both motions. Columbia Mutual appealed.

The appellate court affirmed the summary judgment, stating that Columbia Mutual did not produce the required statutory proof of mailing and therefore the purported cancellation was invalid and ineffective. The appellate court reversed the trial court's finding of vexatious and unreasonable delay on the part of Columbia Mutual. Accordingly, the portion of the judgment awarding attorney fees, the statutory amount for vexatious and unreasonable delay, the filing fee and the cost of service was reversed. Defendant Columbia Mutual petitioned for

leave to appeal to this court. Neither party raises the issue of vexatious and unreasonable delay in this appeal. The only remaining issues are the judgments for $94,500 under the insurance contract and $23,388.75 in prejudgment interest.

## ANALYSIS

Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions and admissions on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994); *Busch v. Graphic Color Corp.,* 169 Ill. 2d 325, 333 (1996). The standard of review in cases involving summary judgment is *de novo. Busch,* 169 Ill. 2d at 333.

In order to determine whether summary judgment was proper in the instant case, we must first decide whether, under the statute, an insurance company must introduce evidence of mailing the cancellation notice on the proof of mailing form required by the statute or whether it may prove compliance with the statute through introduction of other evidence. This is a case of first impression in this court.

Section 143.14(a) of the Insurance Code states:

"(a) No notice of cancellation of any policy of insurance, to which Section 143.11 applies, shall be effective unless mailed by the company to the named insured and the mortgage or lien holder, at the last mailing address known by the company. *The company shall maintain proof of mailing of such notice on a recognized U.S. Post Office form or a form acceptable to the U.S. Post Office or other commercial mail delivery service.* A copy of all such notices shall be sent to the insured's broker if known, or the agent of record, and to the mortgagee or lienholder, if known, at the last mailing address known to the company." (Emphasis added.) 215 ILCS 5/143.14(a) (West 1994).

Ragan cites *Economy Fire & Casualty Co. v. Hughes*, 271 Ill. App. 3d 1009 (3d Dist. 1995), in support of his argument that production of the proof of mailing on the statutory form is required. Columbia Mutual cites *Kolias v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. App. 3d 1086 (1st Dist. 1986), and its progeny to support the opposite position. We find the reasoning in *Hughes* more persuasive.

The First District found in *Kolias* that an insurance company need not introduce proof of mailing on the form required by the statute but instead found that proof of mailing could be shown by other evidence that the proof of mailing was maintained. The Fourth District later relied on *Kolias* and held in *Bates v. Merrimack Mutual Fire Insurance Co.*, 238 Ill. App. 3d 1050, 1053 (4th Dist. 1992), that one need not even introduce evidence pertaining to the specific notice of cancellation at issue. According to the *Bates* decision, evidence that proofs of mailing were maintained on the statutory form in the company's regular mailing practices was enough to satisfy the statutory requirement.

*Hughes* points out that after the 1986 *Kolias* decision, the statute was amended to broaden the types of proof of mailing forms that an insurance company may use to include commercial carriers other than the United States Postal Service. The *Hughes* court noted, however, that the legislature did not expand the proof of mailing section to include those methods set forth in *Kolias*. The *Hughes* court concluded that had the legislature intended to allow for additional types of proof it would have amended the statute to provide for them. *Hughes*, 271 Ill. App. 3d at 1014.

It is well settled that the court's role in interpreting statutes is to give effect to the intention of the legislature and that the language of the statute is the starting point of the court's analysis. *People v. Woodard*, 175 Ill. 2d 435,

443 (1997), citing *People v. Hare*, 119 Ill. 2d 441 (1988). Where the language of the statute is clear, it will be given effect without resort to other tools of construction. *Woodard*, 175 Ill. 2d at 443. A court should not depart from the language of the statute by reading into it exceptions, limitations or conditions that conflict with the intent of the legislature. *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 149 (1997).

The language of section 143.14(a) is clear and unambiguous. First, it requires that the insurance company mail a notice of cancellation to the insured, and if applicable, to certain other parties. Second, the statute requires that "[t]he company *shall maintain* proof of mailing." (Emphasis added.) 215 ILCS 5/143.14(a) (West 1994). There is no alternative method for proving compliance with the proof of mailing requirements other than to maintain the proof of mailing. To allow other methods of proving compliance would circumvent the language and purpose of the statute.

It is apparent from the wording of the provision in the context of the Insurance Code that the purpose of the statute is to protect the insured from cancellation of his insurance without his knowledge. In order to accomplish this purpose, the legislature could have required insurance companies to prove receipt by the insured. However, by enacting this section, the legislature clearly sought to strike a balance between the interest of the insured in being informed of a cancellation of his insurance policy and the burden that would be put on an insurance company to prove receipt by the insured. The statute, therefore, requires proof of mailing rather than proof of receipt by the insured. In order to maintain this balance of interests, the legislature set forth the types of proof of mailing that are reliable enough to afford the insured the necessary protections.

Under this statutory scheme, the insurance company

has a very low threshold of proof. It must only show proof "on a recognized U.S. Post Office form or a form acceptable to the U.S. Post Office or other commercial mail delivery service" that the notice was mailed to the insured. For us to find that the statute implicitly allows an insurance company to use other evidence to show that it maintained the proof of mailing when the statute explicitly requires it to maintain such a form would disturb the balance that the legislature sought to achieve in enacting this section.

In the present case, Columbia Mutual had many opportunities to introduce the form but failed to do so. Columbia Mutual did not meet the statutory requirements of section 143.14 (a). Therefore, the attempted cancellation was ineffective and summary judgment on count I was proper.

Columbia Mutual next argues the circuit court should have granted Columbia Mutual's May 30, 1996, motion to reconsider granting summary judgment. As a part of the motion to reconsider, Columbia Mutual sought to introduce its "Certificate of Mailing," claiming that it was "unavailable" at the time of the hearing on Ragan's motion for summary judgment. The sole reason proffered for this unavailability was a misunderstanding between Columbia Mutual and its attorneys. We find that the circuit court did not err in denying Columbia Mutual's motion to reconsider.

Columbia Mutual further argues that the circuit court also erred in denying its July 19, 1996, motion for leave to amend its earlier answer to Ragan's request to admit. At the outset we note that the circuit court has discretion over the conduct of discovery. *Bright v. Dicke*, 166 Ill. 2d 204, 208 (1995). Absent an abuse of that discretion, this court will not overturn a circuit court's ruling. As the appellate court noted, although the circuit court did not specify why it denied Columbia Mutual's

motion, there are two sound theories upon which the circuit court could have based the denial.

Columbia Mutual's response to Ragan's request to admit, if allowed by the court, would have been untimely. A judge has the discretion to allow an untimely response to a request to admit only after a showing of good cause. *Bright,* 166 Ill. 2d at 209. The record supports a finding that Columbia Mutual did not provide good cause for its untimely response to Ragan's request to admit and the trial court could have denied Columbia Mutual's motion on that basis. See 134 Ill. 2d R. 183.

Additionally, there is ample support for a finding of discovery abuse by Columbia Mutual. The proof of mailing could have been excluded as a discovery sanction under Supreme Court Rule 219(d) (see 166 Ill. 2d R. 219(d)). We therefore find that the trial court did not abuse its discretion in denying Columbia Mutual leave to amend its pleading.

The final issue raised by Columbia Mutual is whether the trial court erred in awarding prejudgment interest to Ragan. Ragan's original complaint did not contain a prayer for prejudgment interest. Ragan filed an amendment to the original complaint on June 12, 1995, including a prayer for prejudgment interest. Ragan failed to obtain leave of court to amend his complaint. Columbia Mutual did not object to Ragan's failure to obtain leave and filed a response to Ragan's complaint as amended. The circuit court awarded Ragan prejudgment interest. The appellate court did not address the issue of prejudgment interest although it was raised in the parties' briefs.

Columbia Mutual argues that the issue of prejudgment interest was not properly before the trial court because of Ragan's failure to obtain leave of court to file the amended complaint. Columbia Mutual argues that the trial court lacked jurisdiction to award prejudgment interest to Ragan. Columbia Mutual cites three cases,

*Greene v. Helis*, 252 Ill. App. 3d 957 (1993), *Torley v. Foster G. McGaw Hospital*, 116 Ill. App. 3d 19 (1983), and *Glickauf v. Moss*, 23 Ill. App. 3d 679 (1974), that deal with a party's failure to obtain leave to amend pleadings as a jurisdictional defect. Because of the purported jurisdictional nature of the defect, these cases hold that a party cannot waive his right to raise the failure to obtain leave on appeal. We find these cases unpersuasive. In addition, all of the cases relied upon by Columbia Mutual may be distinguished from the present case. Each case cited by Columbia Mutual involves an amendment to a pleading that would add a party to the suit. *Greene*, 252 Ill. App. 3d 957 (failure to obtain leave to substitute representative of decedent's estate for decedent); *Torley*, 116 Ill. App. 3d 19 (failure to obtain leave to add party in medical malpractice case); *Glickauf*, 23 Ill. App. 3d 679 (failure to obtain leave to add corporation as defendant). In contrast, Ragan's amended complaint added claims and prayers against parties who were already properly before the court.

The Code of Civil Procedure provides that technical defects in pleadings should not prevent the courts from doing justice between the parties. See 735 ILCS 5/2—616 (West 1994) (amendments to pleadings may be allowed at any time before judgment on just and reasonable terms); 735 ILCS 5/2—1005(g) (West 1994) (pleadings may be amended at any time after judgment to conform the pleadings to the proofs); 735 ILCS 5/2—612(c) (West 1994) (defects in form or substance of pleadings not objected to at trial are waived); 735 ILCS 5/2—603(c) (West 1994) (pleadings are liberally construed to do substantial justice between the parties); 735 ILCS 5/2— 617 (West 1994) (pleadings may be amended to grant relief to which the plaintiff is entitled although that party failed to include the prayer in its pleading). To interpret the failure to obtain leave to add a prayer for relief

against a party already before the court as a jurisdictional defect would frustrate the purpose of the foregoing provisions.

Since we find that failure to obtain leave to amend a complaint is not a jurisdictional defect and that a party may waive its right to object to the defect, we must now determine whether Columbia Mutual has waived the issue. Questions not raised in the trial court cannot be argued for the first time on appeal. *In re Marriage of Minear,* 181 Ill. 2d 552, 564 (1998). Columbia Mutual did not object to Ragan's failure to obtain leave in the trial court. Columbia Mutual did, however, file an answer to the complaint, file affirmative defenses and argue the merits of the pleadings as amended in the hearing on summary judgment. Accordingly, we find that Columbia Mutual waived its right to raise the issue on appeal and affirm the grant of prejudgment interest.

## CONCLUSION

We find that an insurance company must produce proof of mailing of a cancellation notice on a form meeting the requirements of section 143.14(a) of the Insurance Code to prove compliance with that provision. Further, we find that the circuit court did not abuse its discretion denying Columbia Mutual's motion for leave to amend its pleadings by the late filing of its notice of mailing. Therefore, we affirm the judgment of the appellate court.

*Appellate court judgment affirmed.*