BILLY ROBBINS, Plaintiff and Counterdefendant-Appellant, v. ALLSTATE INSURANCE COMPANY, Defendant and Counterplaintiff-Appellee.

Second District    No. 2—05—0331

Opinion filed November 8, 2005.—Rehearing denied January 24, 2006.

Charles E. Petersen, of Presbrey & Associates, of Aurora, for appellant.

Stanley A. Kitzinger, of McKnight, Kitzinger, McCarty & Pravdic, L.L.C., of Chicago, for appellee.

JUSTICE GROMETER delivered the opinion of the court:

Plaintiff, Billy Robbins, filed a suit against defendant, Allstate Insurance Company, alleging breach of an insurance contract. The dispute arose when defendant refused to pay a claim for fire damage to plaintiff's residence. Defendant alleged that plaintiff intentionally set the fire. Defendant propounded a number of requests to admit pursuant to Supreme Court Rule 216 (134 Ill. 2d R. 216), to which plaintiff did not adequately respond. On this basis, the trial court granted summary judgment in favor of defendant and awarded defendant $414,881.59 on its counterclaim. The counterclaim alleged fraud under section 46—5 of the Criminal Code of 1961, which provides for civil damages in cases of insurance fraud (720 ILCS 5/46—5 (West 2000)). For the reasons that follow, we affirm.

On September 10, 2001, a fire occurred at plaintiff's residence during the period in which plaintiff was insured by defendant. Plaintiff was home alone at the time. Defendant investigated the fire and came to the opinion that it was intentionally set. Several expert witnesses supported defendant's position. However, plaintiff could produce expert witnesses who believed that the fire might have been caused by old, faulty wiring within plaintiff's house or by an electrical "arcing event." In granting summary judgment, the trial court specifically

found that "but for Plaintiff's admissions in response to Defendant's Rule 216 Request, an issue of fact would exist."

The requests for admissions that formed the basis of the grant of summary judgment were propounded by defendant on October 18, 2004. Plaintiff's attorney had been granted leave to withdraw from the case about two months prior to this date, and plaintiff was unrepresented at the time. Notably, the requests contained the following: (1) that the fire was intentionally set; (2) that plaintiff intentionally set the fire; (3) that plaintiff misrepresented his involvement in setting the fire when he submitted his claim; (4) that the fire was not caused by a malfunction or defect in the electrical systems of the property, fixtures on the property, or personal property on the property; and (5) that the fire was not caused by an electrical event, involving arcing or otherwise.

Plaintiff responded to the requests for admissions within the 28 days allowed by Rule 216 (see 134 Ill. 2d R. 216). Plaintiff filed a general response to the requests, stating that it was false that the fire was intentionally set by him. He also filed specific responses to defendant's particular requests; however, the responses contained a number of defects. First, plaintiff filed a response on November 3 that contained typewritten admissions and denials of defendant's requests. However, plaintiff also handwrote admissions and denials next to the typewritten responses, two of which contradicted the typewritten responses. Specifically, the sixth request stated that the fire was not caused by a malfunction or defect in the electrical system of any item of personal property located in plaintiff's residence. The typewritten response denied this allegation, but the handwritten response admitted it. The seventh request asked plaintiff to admit that the fire was not caused by a defect or malfunction in the electrical system of any fixture. Again, the typewritten response was a denial, while the handwritten one was an admission. Thus, the responses to these allegations were ambiguous and cannot truly be deemed denials. Plaintiff asserts that the handwritten responses were simply mistakes, and, on December 16, well after the 28-day period for response had passed, he filed corrected responses to the requests. A further problem exists. None of the responses to the requests, including the one filed on December 16, were sworn to, as required by Rule 216(c). 134 Ill. 2d R. 216(c).

Supreme Court Rule 216(a) provides that any party "may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request." 134 Ill. 2d R. 216(a). The rule continues:

"Each of the matters of fact *** is admitted unless, within 28

days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part." 134 Ill. 2d R. 216(c).

Quite simply, the failure to respond to a request for admission results in the admission of the facts contained in the request. *Walker v. Valor Insurance Co.*, 314 Ill. App. 3d 55, 61 (2000). Such an admission may properly form the basis of a grant of summary judgment. *Glasco v. Marony*, 347 Ill. App. 3d 1069, 1074 (2004). A party having admitted a fact under Rule 216 may not later deny it at trial. *In re Yamaguchi*, 118 Ill. 2d 417, 424 (1987). Indeed, an admission made pursuant to the rule is considered a judicial admission and is thus incontrovertible, even at the summary judgment stage. *Moy v. Ng*, 341 Ill. App. 3d 984, 988 (2003); see also *Ellis v. American Family Mutual Insurance Co.*, 322 Ill. App. 3d 1006, 1010 (2001) ("Admissions pursuant to requests to admit constitute judicial admissions, which are binding upon the party making them; they may not be controverted at trial or in a motion for summary judgment").

In this case, however, defendant did not fail to respond completely; rather, his first response did not comply with Rule 216. Therefore, we must assess the effect of an imperfect response to a request to admit. Regarding plaintiff's mistake in handwriting admissions contrary to the typed denials in his response to the requests, plaintiff asserts that the trial court should have let him either explain the handwritten additions or should have ignored them and let the typewritten portions stand. The former request misses the point. If considered, plaintiff's additions result in ambiguity under which the requests are neither admitted nor denied. Rule 216 mandates that anything not denied is deemed admitted. 134 Ill. 2d R. 216. The latter argument runs contrary to the way documents are normally interpreted. See *Bolchazy v. Chicago Investment Group*, 109 Ill. App. 3d 426, 431-32 (1982) (handwritten portion of a contract prevails over typewritten portions).

More fundamentally, plaintiff's response was not sworn to, as required by the plain language of Rule 216(c). 134 Ill. 2d R. 216(c) (requiring a "a sworn statement denying specifically the matters of which admission is requested"). A response that is not sworn to by a party does not comply with Rule 216. *Moy*, 341 Ill. App. 3d at 990. Indeed, this court has recently held that "[a] response denying the

facts that is neither timely nor sworn fails to comply with the rule." *Tires 'N Tracks, Inc. v. Dominic Fiordirosa Construction Co.*, 331 Ill. App. 3d 87, 91 (2002). Thus, plaintiff's unsworn response to defendant's requests for admissions is plainly inadequate under Rule 216 and does not serve as a denial of any of the requested admissions. Accordingly, those facts set forth in defendant's requests for admissions are deemed admitted. See *P.R.S. International, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 239 (1998).

Plaintiff attempts to avoid this result by appealing to the discretion possessed by trial courts to deviate from the 28-day time limit. Supreme Court Rule 183 does allow a court to, "for good cause shown[,] *** extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." 134 Ill. 2d R. 183. Plaintiff, however, fails to show good cause for allowing a late, conforming response to be served upon defendant. Absent such a showing, plaintiff's request must be denied. See *Bright v. Dicke*, 166 Ill. 2d 204, 209 (1995) ("Although Rule 183 does give judges discretion to allow responses to be served beyond the 28-day time limit, that discretion does not come into play under the rule unless the responding party can first show good cause for the extension"); *Harris Bank St. Charles v. Weber*, 298 Ill. App. 3d 1072, 1083 (1998) ("A trial court has the discretion to permit a party to file a response to a request for admission of facts after the 28-day time limit *but only if* the party has shown 'good cause' for an extension of time" (emphasis added)). Case law clearly establishes that "good cause" is not simply mistake, inadvertence, or neglect. *Glasco*, 347 Ill. App. 3d at 1073. Nor is it an absence of prejudice to the opposing party. *Bright*, 166 Ill. 2d at 209.

As mistake, inadvertence, and neglect are not valid bases for a finding of good cause, plaintiff's claim that he mistakenly admitted, in handwriting, requests six and seven provided no basis for the trial court to exercise its discretion and allow an untimely but conforming response. Plaintiff contends that, as "a man of limited education and no understanding of the process or its consequences," his failure to comply with Rule 216 should be excused. He goes on to argue that the trial court "ought to have given consideration to the fact that the Request to Admit and compliance with the rule is highly technical and that [plaintiff's] answer was prepared at a point in time when he was *pro se.*" While we sympathize with plaintiff's position, the fact that plaintiff was proceeding *pro se* at the time also provided no basis for the trial court to exercise its discretion and allow an additional response, nor does it provide a basis for us to reverse the trial court's decision.

It is well established that parties proceeding *pro se* must follow all of the rules of procedure to which attorneys are held. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001); *People v. Vilces*, 321 Ill. App. 3d 937, 940 (2001); *Athens v. Prousis*, 190 Ill. App. 3d 349, 356 (1989). A litigant is not entitled to the application of a more lenient standard simply because he or she is not represented by counsel. *In re A.H.*, 215 Ill. App. 3d 522, 529-30 (1991); *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 450-51 (1983). This rule is necessary, for, without it, litigation involving unrepresented parties would frequently grind to a halt, as courts undid mistakes made by *pro se* litigants. Thus, that the rule involved here is somewhat technical, that plaintiff was unrepresented at the time, and that he may not have fully understood the rule are irrelevant. As he was controlling his own case at the time, it was his responsibility to read Rule 216 and insure that he understood it. In sum, plaintiff has not set forth any basis that would allow a finding of good cause for the purpose of Rule 183.

Plaintiff, in his reply brief, makes one final plea:

> "The question is whether we are seeking justice. Whether the Plaintiff was acting *pro se* or whether he had an attorney, Rule 216 ought not to be interpreted as a trap. Particularly, where the Plaintiff was *pro se*, if the purpose of [Rule] 216 is a trap then it ought to be interpreted so that the unwary are to be advised of the trap upon which they are about to step."

Plaintiff's final point raises concerns of equity and fundamental fairness with which we are not unsympathetic. However, we are bound to follow the rules of our supreme court as well as its precedent. That precedent requires the result reached by the trial court. See *P.R.S. International, Inc.*, 184 Ill. 2d at 238-39. Hence, these concerns are better directed to the supreme court. We do note that Rule 216 and the cases interpreting it clearly set forth the procedure to be followed and the consequences for not following it, so plaintiff's intimation that a clearer interpretation of the rule is necessary is ill-founded.

In light of the foregoing, we affirm the judgment of the circuit court of Kane County. Given plaintiff's admissions under Rule 216, summary judgment for defendant was proper.

Affirmed.

CALLUM and GILLERAN JOHNSON, JJ., concur.