MARY LOU SAUNDERS, APPELLEE, v. CINDY L. MITTLIEDER ET AL., APPELLEES, MUTUAL SERVICE CASUALTY INSURANCE COMPANY, GARNISHEE-APPELLANT.
237 N. W. 2d 838
Filed January 15, 1976. No. 40159.

Emil F. Sodoro and Michael P. Cavel, for garnishee-appellant.

John J. Brownrigg and Eisenstatt, Higgins, Kinnamon, Okun & Stern, for appellee Saunders.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

In this garnishment action the District Court held Mutual Service Casualty Insurance Company, garnishee-insurer, liable to the plaintiff for $10,000, the liability limit of the defendants Mittlieders' policy. Garnishee appeals. The question presented is whether garnishee had canceled defendants' insurance policy prior to the accident involving the plaintiff and the defendant Cindy Mittlieder. We hold the purported cancellation ineffective and affirm the judgment.

In July of 1973, Marvin Mittlieder owned two motor vehicles which were insured under separate policies written by garnishee. The policy involved herein covered a 1964 Chevrolet automobile. On July 31, 1973, notices of cancellation of the two insurance policies were sent by the garnishee to Mittlieder. The reason given for cancellation was nonpayment of premiums. The effective date of the cancellation was August 12, 1973. The policies were canceled on that date.

On August 12, 1973, Mittlieder sent garnishee a check in the amount of $64.70. The two policies were reinstated as of August 24, 1973, for a 6-month period to February 24, 1974. Invoices for additional premiums then due were sent with both policies. The invoice for the premium due on the Chevrolet was for $44.10. When this amount was not paid, a cancellation notice was sent to Mr. Mittlieder by regular mail on October 16, 1973. The effective date of the cancellation was to be October 28, 1973. The unearned premium on the policy was computed and a draft for that sum was sent to Mittlied-

er. Mittlieder denies receiving the notice of cancellation. The draft for the unearned premium was never cashed.

On January 20, 1974, Mittlieder's daughter, defendant Cindy Mittlieder, while driving the Chevrolet, was involved in an automobile accident with the plaintiff's vehicle. Notice was immediately given to garnishee's agent. Approximately 1 week later the agent was informed by garnishee that the policy had been canceled. He advised defendants that the company disclaimed coverage. On October 4, 1974, a judgment was rendered against the Mittlieders in the sum of $10,946. This garnishment is in aid of execution on that judgment.

Appellee argues that this case is controlled by section 44-516, R. R. S. 1943, which provides, so far as material herein, as follows: "(1) No notice of cancellation of a policy to which section 44-515 applies shall be effective *unless mailed by registered or certified mail to the named insured* at least thirty days prior to the effective date of cancellation; Provided, that where cancellation is for nonpayment of premium at least ten days' notice of cancellation accompanied by the reason therefore shall be given. Unless the reason accompanies or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than twenty-five days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation." (Italics supplied.) It is conceded that garnishee did not send notice of cancellation by registered or certified mail as required by this statute.

Garnishee argues that a notice of cancellation of an automobile liability insurance policy need not be mailed by registered or certified mail if the policy has been in effect less than 60 days at the time notice of cancellation is mailed by the insurer unless the policy itself so requires. We do not accept garnishee's premise that a

reinstated policy is in effect a new or original policy or that the policy herein was in effect for less than 60 days. Assuming garnishee's premise, however, it would make no difference in the result.

Garnishee relies on subsection (2) of section 44-515, R. R. S. 1943. That section is as follows: "(1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons: (a) Nonpayment of premium; (b) fraud or material misrepresentation affecting the policy or in the presentation of a claim thereunder, or violation of any of the terms or conditions of the policy; or (c) the named insured or any operator, either resident in the same household or who customarily operates an automobile insured under the policy, (i) has had his driver's license suspended or revoked pursuant to law; (ii) has been convicted of larceny of an automobile or theft of an automobile in violation of section 28-521; (iii) has been convicted of an offense for which such suspension or revocation is mandatory; or (iv) whose driver's license is subject to revocation or suspension pursuant to the provisions of sections 39-669.26 to 39-669.30, by reason of his driving record as disclosed by the files of the Director of Motor Vehicles during the policy period or, if the policy is a renewal, during its policy period or the one hundred eighty days immediately preceding its effective date.

"(2) This section shall not apply to any policy or coverage which has been in effect less than sixty days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy.

"(3) This section shall not apply to nonrenewal."

It is garnishee's position that subsection (2) of section 44-515, R. R. S. 1943, is controlling and that section 44-516, R. R. S. 1943, does not apply herein. Garnishee argues that at the time of cancellation Mittlieder's reinstatement policy had been in effect less than 60 days, consequently notice of cancellation under section 44-516, R. R. S. 1943, need not be sent by registered or

certified mail, and the regular mail notice was sufficient. We disagree.

In 1972, in response to a growing national concern over arbitrary policy cancellations and nonrenewals, the Nebraska Legislature adopted a statutory scheme dealing with automobile insurance policy cancellations patterned after some model legislation proposed by certain insurance trade organizations. In 1973, it added the requirement that the cancellation notice must be mailed by registered or certified mail. This amendment to the bill became effective after the policy in question was written but before its purported cancellation.

It is clear to us that the intent of the Legislature in the passage of these sections was to clear up confusion in the area of automobile insurance policy cancellation, not to further it. We are satisfied the construction contended for by the garnishee would abort the intent of the Legislature in this particular. We conclude the intent of subsection (2) to exclude the effect of section 44-515, R. R. S. 1943, for the first 60 days, was intended solely to give the insurance company a short period for investigation to determine whether or not other reasons might make the risk unacceptable. Subsection (2) relates to the time period provided for cancellation, not to the type of notice required. We are satisfied it is the intent of section 44-516, R. R. S. 1943, to require registered or certified mail for every cancellation notice regardless of the period the policy has been in force, and so construe it.

There is no good reason to require a different type of notice of cancellation of policies in existence less than 60 days than is required for policies older than 60 days. The primary consideration of notice and proof of cancellation is the same in both instances. The requirement of registered or certified mail facilitates proof of receipt of notice. Whatever length of time a policy has been in effect, a policyholder is not ordinarily expecting to have his coverage canceled. The clear intent

of the legislation is that if one's coverage is to be so canceled, that fact should be made clear to him. The registered or certified mail requirement does exactly that.

The judgment is affirmed.

AFFIRMED.