GARRY D. CONOVER, APPELLEE, V. DAIRYLAND INSURANCE COMPANY, A CORPORATION, APPELLANT.

265 N. W. 2d 222

Filed April 26, 1978. No. 41504.

Luebs, Tracy, Dowding, Beltzer & Leininger, for appellant.

Stephen A. Scherr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is an action for declaratory judgment, having as its purpose the determination of whether or not a policy of automobile liability insurance, issued to the plaintiff Conover by the defendant Dairyland Insurance Company, was in force on October 30, 1974, when the "owned automobile" struck a pedestrian. There are no disputed issues of fact as the case was tried upon an agreed stipulation of the facts. The sole matter before this court is the proper construction of a portion of section 44-514 (3), R. R. S. 1943, L.B. 1396, Laws of Nebraska, Eight-second Legislature, Second Session, 1972.

The question is whether or not automobile liability insurance policies covering classes of vehicles and individuals and affording the coverage described in L.B. 1396 issued for a policy period of less than 6 months are, by virtue of the statutory provision in question, to be "considered as if written for a policy period or term of six months," and therefore are not subject to cancellation during the 6-month term except for the reasons and by the methods provided in L.B. 1396.

The part of section 44-514 (3), R. R. S. 1943, in question is the first proviso which is as follows: "Provided, that any policy with a policy period or term of less than six months shall be considered as if written for a policy period or term of six months." Subsection (3) defines the terms "renewal" and "to renew." Dairyland argues that because the proviso in question is a part of the section defining those

terms, it can only be meant to provide for a right to renew for the balance of the 6-month period where the policy period for which the policy is issued is less than 6 months.  In support of its interpretation Dairyland relies upon Anthony v. National Grange Mut. Ins. Co., 113 N. H. 486, 309 A. 2d 919, where the Supreme Court of New Hampshire considered a somewhat similar provision.  Dairyland acknowledges, however, that the Supreme Court of Louisiana, in Taylor v. MFA Mut. Ins. Co. (La.), 334 S. 2d 402, in construing a statute virtually identical to ours, arrives at a contrary interpretation.  We follow the Louisiana interpretation and affirm the judgment.

The stipulated facts, insofar as pertinent, are these:  On May 31, 1974, Dairyland issued to Conover an automobile liability insurance policy in which the policy period was specified as follows: Effective 05-31-74, expires 07-31-74 for which Conover paid the premium.  On July 15, 1974, a renewal notice was mailed to and received by Conover.  He paid a 2-month premium and an endorsement covering the policy period 07-31-74 to 9-30-74 was issued. On September 15, 1974, a renewal notice was again sent.  It said, "select term desired."  It then listed periods of 1 month, 2 months, 3 months, 6 months, and 1 year, and specified the premium for each period.  This notice was not received by Conover because the local Post Office failed to forward his mail to his new address, despite the fact that Conover had left with the Post Office a valid and correct change of address form.  He did not receive the renewal notice until after the accident.  He then paid the premium.

L.B. 1396, Laws of 1972, among other things, specifies the reasons which permit the cancellation of a policy, § 44-515, R. R. S. 1943, and the method by which notice of cancellation must be given, § 44-516, R. R. S. 1943.  See, also, Saunders v. Mittlieder, 195

Neb. 232, 237 N. W. 2d 838. It also limits the right to refuse to renew.

Dairyland concedes that if the term of the policy in question was 6 months, then, by virtue of the statutory provision earlier mentioned, a notice of cancellation was required. Dairyland argues that the purpose of the statutory provision is only to ensure that the holder has the right to renew during and for a 6-month period; that the statute expressly recognizes policy terms for shorter periods; and that in this case the term expired on September 30, 1974, and there was no coverage on the date of the accident on October 30, 1974, even though that was within the 6-month period.

The complete subsection in question, down to and including the first proviso, reads as follows: "(3) Renewal or to renew shall mean the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; Provided, that any policy with a policy period or term of less than six months shall be considered as if written for a policy period or term of six months."

The proviso is clear and unambiguous. It simply provides that if a policy is issued for a term of less than 6 months, the policy period is nonetheless 6 months. It is to be admitted that it is rather peculiarly placed in the statutes since subsection (3) introduces the subject of "renewal" and "to renew." It is to be observed, however, that the subject immediately preceding the proviso is "its policy period or term," and that this refers to a previously issued policy and not to a renewal. Under ordinary grammatical usage, the antecedent of the proviso, or that which it modifies, refers to the "policy period or term" on an already issued policy. No real ambiguity exists. The arrangement is simply clumsy. Fur-

thermore, the words of the proviso certainly are not apt to express the concept for which Dairyland contends, namely, a right of renewal during a 6-month period. If that is what the Legislature intended it ought to have used words which convey that idea.

The case of Taylor v. MFA Mut. Ins. Co., *supra,* completely, thoroughly, and soundly analyzes a statute virtually identical to ours, and we accept its analysis completely and recommend to the reader the full text of that opinion. It is not necessary to repeat it here.

We hold that an automobile policy, to which sections 44-516 to 44-521, R. R. S. 1943, apply, issued for less than a 6-month period, is to be considered, for all purposes of said sections, as if written for a period of 6 months.

AFFIRMED.