[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter, the plaintiff, Nancy Stenson, filed a three count amended complaint dated February 18, 1993, against the defendant, Northland Insurance Company. The plaintiff alleges that on February 27, 1990, while riding in a vehicle driven by Leroy Jordan, she was injured in an accident caused by his negligent operation of said vehicle.
The plaintiff alleges in her complaint that Mr. Jordan contracted with the defendant for a three month automobile insurance policy on August 25, 1989. She further alleges that the defendant sent Mr. Jordan a renewal notice for said insurance policy on November 25, 1989, and a second three month policy term went into effect. On January 22, 1990, the defendant sent Mr. Jordan a renewal policy, which stated that payment of the premium for said automobile policy had to be received by February 25, 1990, or the policy would expire and the defendant would not have coverage. Mr. Jordan failed to pay the premium and the policy expired on February 25, 1990. On February 26, 1990, the defendant sent Mr. Jordan an expiration notice. Mr. Jordan and the plaintiff were involved in an accident on February 27, 1990.
On October 1, 1991, the plaintiff received an award of damages against Mr. Jordan in the amount of $325,000.00. The court had previously entered a default judgment against Mr. Jordan on December 11, 1990.
In count one of the plaintiff's complaint, she alleges CT Page 8398 breach of contract and liability therefore, under General Statutes 38a-341. In count two, the plaintiff alleges violations of the Connecticut Unfair Insurance Practices Act and the Connecticut Unfair Trade Practices Act. In count three, the plaintiff alleges misrepresentation and bad faith.
The defendant moved for summary judgment on all counts on the ground that there was no genuine issue of material fact as to the insurance coverage of Mr. Jordan on the date of the accident. Pursuant to Practice Book 380, the defendant filed a memorandum in support of the motion with attached copies of the original policy, dated August 25, 1989 to November 25, 1989; an affidavit of Kevin George, an Underwriting Services supervisor for the defendant; a letter ato [to] the plaintiff's counsel, denying coverage; a copy of the default judgment against Mr. Jordan; and portions of the legislative history of the renewal statute, General Statutes 38a-323 (formerly 185w). The plaintiff has timely filed a memorandum in opposition to the defendant's motion with attached copies of an affidavit of Donna Civitello, plaintiff's counsel; a letter to Mr. Jordan notifying him of the plaintiff's claim; a letter to the defendant notifying it of the plaintiff's claim; Mr. Jordan's motor vehicle registration; a letter form the defendant denying Mr. Jordan's coverage; the January 22, 1990 renewal notice; and various other documents. The plaintiff also has filed a cross motion for summary judgment as to count one of her complaint.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354, 364, 578 A.2d 1212
(1990).
In deciding a "motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). CT Page 8399
The plaintiff argues that there is no genuine issue as to whether Mr. Jordan's policy was still in effect on the date of the accident. The plaintiff argues that the cancellation statutes, General Statutes 38a-341 through 38a-346 (formerly 38-175f through 38-1751), control the present case and since the defendant did not send a cancellation notice to Mr. Jordan, the policy remained in effect when the plaintiff was injured in Mr. Jordan's car.
The defendant argues that its motion for summary judgment should be granted because there is no genuine issue as to whether Mr. Jordan's insurance policy lapsed before the date of the accident. The defendant argues that the nonrenewal statute, General Statutes 38a-323, governs the present case and since the defendant sent a renewal notice to Jordan more than thirty days in advance, it complied with the statutory requirements. The defendant argues in the alternative that even if the court agrees with the plaintiff's argument that General Statutes 38a-341 should be applied to this case, Mr. Jordan's policy was in effect for a six month period that expired on February 25, 1990, and therefore, the policy expired naturally and no cancellation notices were required.
The plaintiff may properly file a claim against the defendant under the direct action statute, which states:
 Each insurance company . . . . Upon the recovery of a final judgment against any person . . . if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment.
General Statutes 38a-321.
General Statutes 38a-341 through 38a-346 set out the procedures that insurance companies must follow when cancelling policies. General Statutes 38a-341 is a definitional statute that states:
 "Renewal" or "to renew" means the issuance and delivery by an insurer of a policy replacing at the CT Page 8400 end of the policy period a policy previously issued and delivered by the same insurer or the issuance and delivery of a certificate or notice extending the term of the policy beyond its policy period or term. Any policy with a policy period or term of less than six months shall, for the purpose of sections 38a-341 to 38a-346, inclusive, be considered as if written for a policy period or term of six months and any policy written for a term longer than one year or any policy with no fixed expiration date, shall for the purpose of said sections, be considered as if written for successive policy periods or terms of one year. Such a policy may be terminated at the expiration of any annual period upon giving thirty days' notice of cancellation prior to the anniversary date . . . .
(Emphasis added.) General Statutes 38a-341. The notice requirements for cancellation of policies are controlled by statute, which states:
 No notice of cancellation of policy . . . may be effective unless sent, by registered or certified mail or by mail evidenced by a certificate of mailing, or delivered by the insurer to the named insured at least forty-five days before the effective date of cancellation, provided where cancellation is for nonpayment of premium at least ten days' notice of cancellation accompanied by the reason therefore shall be given . . . .
(Emphasis added.) General Statutes 38a-343(a). The purpose of imposing the requirements of General Statutes 38a-343(a) is to make sure that before an automobile insurance policy is cancelled the insured has a clear and unambiguous notice of the cancellation. Travelers Insurance Co. v. Hendrickson, 1 Conn. App. 409,412, 472 A.2d 356 (1984). Furthermore, "to be effective, a notice of cancellation must be definite and certain." (Citation omitted.) Ibid., 412.
Where the insurer is not cancelling the policy mid-term, but, rather, it is not renewing the policy for a subsequent term, the insurer does not have to comply with the strict cancellation procedures. The statute that controls nonrenewal of policies states: CT Page 8401
 On or before September 30, 1987, a premium billing notice for any policy shall be mailed or delivered to the insured by the insurer or its agent not less than forty-five days in advance of the renewal date or the anniversary date of the policy. On or after October 1, 1987, such notice shall be so mailed or delivered to the insured not less than thirty days in advance of the policy's renewal or anniversary date . . . .
General Statutes 38a-323(b).
There appears to be no case law in Connecticut on the issue of whether termination of a short term policy for nonpayment requires specific notice of cancellation or whether it may naturally expire at the end of its term. Furthermore, the legislative history on the cancellation and nonrenewal statutes does not clarify the issue. Nevertheless, the courts of several states have considered the issue under statutes either identical or similar to Connecticut General Statutes 38a-341. See, e.g., Dairyland Insurance Co. v. Neuman, ___ Minn. ___, 338 N.W.2d 37
(1983); Conover v. Dairyland Insurance Co., 200 Neb. 715,265 N.W.2d 222 (1978); Taylor v. MFA Mutual Insurance Co.,___ La. ___, 334 So.2d 401 (1976); and American Family Group v. Ford,155 Ind. App. 573, 293 N.E.2d 524 (1973).
The Minnesota Supreme Court interpreted a similar statute[1]
and found that "the policy period for a policy of insurance issued for a term of less than 6 months is 6 months and that cancellation under the statute is required to terminate coverage within the 6-month term." Dairyland Insurance Co. v. Neuman,___ Minn. ___, 338 N.W.2d 37, 40 (1983). The defendant, Dwight Neuman, was injured on January 26, 1979 while riding in a car driven by Charles Hansen. Id. Hansen had received a short term policy from Dairyland Insurance Company that expired after he failed to pay the renewal premium. Id. The renewal notice stated that the plaintiff's policy would expire if "the renewal premium was not received at the company office by the January 22, 1979 due date." Id. The court held that the short term policy was deemed to be a six month policy and therefore, Dairyland Insurance Company was required to give notice of cancellation. Id. Furthermore, the court held that since the renewal notice did not meet the cancellation requirements, the policy was in effect on the date of the accident and Dairyland was liable to Mr. Neuman for any damages assessed against Mr. CT Page 8402 Hansen.
The Louisiana Supreme Court interpreted its statute[2] to mean that cancellation procedures were required for the expiration of short term policies within the six month statutory period even where the expiration was due to the insured's nonpayment of a renewal premium. Taylor v. MFA Mutual Insurance Co., ___ La. ___, 334 So.2d 401 (1976). The Nebraska Supreme Court and the Court of Appeals of Indiana have reached the same conclusion.
In the present case, Jordan originally had a three month policy from August, 1990 to November, 1990, which he renewed for a second three month term. The second three month term expired on February 25, 1990, when Mr. Jordan failed to pay the renewal premium. Under General Statutes 38a-341, a three month policy is deemed to be a six month policy. However, there is a genuine issue of material fact as to whether Mr. Jordan had a three month automobile insurance policy or a six month policy. Therefore, since an issue of fact exists, both defendant's and plaintiff's motions for summary judgment are denied.
/s/ William J. Sullivan WILLIAM J. SULLIVAN, J.